UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DROPCASES, LTD.,<br><br>                Plaintiff,<br>     v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>                Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Dropcases LTD., ("Plaintiff") brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action under the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including New York, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Defendant Internet Stores through which New York residents can purchase products featuring Plaintiff's patented design. Each of the Defendants has targeted sales from New York residents by operating online stores that offer

shipping to the United States, including New York, accept payment in U.S. dollars, and, on information and belief, has sold products featuring Plaintiff's patented design to residents of New York. Each of the Defendants is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in New York.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

4. Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule A hereto.

5. Defendants are promoting, selling, offering for sale, and distributing goods bearing identical or confusingly similar imitations of Plaintiff's intellectual property within this Judicial District.

6. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative concerning or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

7. Joinder in this matter is proper under 35 U.S.C. § 299(a) as the Defendants are all offering for sale the same infringing product and this case will involve common questions of fact to all Defendants.

8. Joinder of the multiple Defendants listed in Schedule A attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative, concerning or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

9. Joinder of the multiple Defendants listed in Schedule A attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and

inexpensive resolution for Plaintiff, Defendants, and this Court.

10. Joinder of the multiple Defendants listed in Schedule A attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

11. Joinder of the multiple Defendants listed in Schedule A is procedural only and does not affect the substantive rights of any defendant listed on Schedule A hereto.

12. This Court has jurisdiction over the multiple Defendants listed in Schedule A hereto.

13. Plaintiff's claim against the multiple Defendants listed in Schedule A are all transactionally related.

14. Plaintiff is claiming infringement of its intellectual property rights by Defendants.

15. The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

16. All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

17. All Defendants undertake efforts to conceal their true identities from Plaintiff to avoid detection for their illegal activities.

18. All Defendants are located in foreign jurisdictions.

19. All Defendants undertake efforts to conceal their true identities from Plaintiff to avoid detection for their illegal infringing activities.

20. Upon information and belief, all Defendants have the same or closely related sources for their infringing products.

21. All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Plaintiff's intellectual property rights with impunity.

22. All Defendants have registered their Seller IDs with a small number of online platforms to engage in infringement.

23. All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

24. All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

25. All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Plaintiff obtains a monetary award.

26. All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States, using common or identical methods.

27. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

28. All Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

29. Upon information and belief, at all times relevant hereto, All Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## INTRODUCTION

30. This action has been filed by Plaintiff to combat online infringers who sell and/or offer for sale unauthorized products, namely the electric vehicle charging adapters shown in Exhibit 1, that infringe Plaintiff's patented design (the "Infringing Products"). The Defendants create the Defendant Internet Stores and design them to sell Infringing Products to unknowing consumers. Defendants also sell the Infringing Products in brick-and-mortar retailers in the United States.

31. Plaintiff is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

### Plaintiff Dropcases, Ltd.

32. Plaintiff, a citizen and resident of Hong Kong, is the owner of the U.S. Design Patent No. D1,018,469 (the "469 Patent"), a true and correct copy of which is attached hereto as Exhibit 2 (the "469 Patent").

33. Plaintiff offers for sale a wide range of accessories for use with electric vehicle charging including charging adapters that enable electric vehicles to access different or additional charging networks. Plaintiff sells adapters that practice the '469 Patent through its

LECTRON brand (the "Lectron Adapters") on Amazon.com, directly on its https://ev-lectron.com website, and through other online retailers.

34. Plaintiff has established its products as the first to market and has an established reputation and quality reviews. The Lectron Adapters have high reviews averaging more than 4.4 out of 5 stars out of more than one thousand customer ratings as of the date of the filing of the Complaint.

35. The Lectron Adapters have been well received by customers who desire a convenient and aesthetically appealing converter for connecting between the Tesla and J1772 standards.

36. Plaintiff is the lawful owner of all rights, title, and interest in the '469 Patent. The '469 Patent was duly issued on March 19, 2024.

37. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the '469 Patent design or the '469 Patent.

## The Defendants

38. Defendants are individuals and business entities listed in Schedule A who, upon information and belief, reside outside the United States. Defendants conduct business throughout the United States, including within New York and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including New York, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including New York.

39. On information and belief, Defendants are an interrelated group of infringers that knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the '469 Patent in the

same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown in Exhibit 1. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

40. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '469 Patent, and none of the Defendants are authorized retailers of the Lectron Adapters.

41. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

42. Further, infringers such as Defendants typically operate multiple credit card merchant accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take-down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online marketplace accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

43. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '469 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United

States, including New York, and, on information and belief, each Defendant has sold Infringing Products into the United States, including New York.

44. Defendants' infringement of the '469 Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

45. Defendants' infringement of the '469 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into New York, is irreparably harming Plaintiff.

## COUNT I
### INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '469 Patent.

48. Defendants have infringed the '469 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the '469 Patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

49. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '469 Patent, Plaintiff will be greatly and irreparably harmed.

50. Plaintiff is entitled to recover damages adequate to compensate for the

infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands a judgment:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the design claimed in the '469 Patented Design;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing the '469 Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

(2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors, and other payment processing service providers, and Internet search engines (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the '469 Patented Design;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the '469 Patented Design; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the '469 Patented Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the '469 Patented Design;

(4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the '469 Patented Design, three times Plaintiff's profits therefrom, after an accounting, pursuant to 35 USC § 284;

(5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

(6) Award any and all other relief that this Court deems just and proper.

Dated: April 3, 2024

Respectfully submitted,

*(signature)*

DAVID A. BOAG (9899)
**BOAG LAW, PLLC**
447 Broadway, Suite 2-270
New York, NY 10013
dab@boagip.com

*Attorneys for Plaintiff Dropcases, Ltd.*