

BOAG LAW, PLLC
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

April 19, 2024

*via ECF*
The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

RE: *Dropcases Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 24-cv-02589-JLR (S.D.N.Y.)

Dear Judge Rochon:

We represent Plaintiff Dropcases Ltd. in this action. We respectfully submit this letter motion seeking leave to file certain documents under seal related to Plaintiff's motion for a temporary restraining order, which is submitted herewith. Plaintiff further requests that any hearings on the motion for a temporary restraining order by conducted by videoconference or teleconference.

The Nature of This Filing Warrants a Filing Under Seal

Plaintiff requests that it be granted leave to file the following documents under seal: (a) Motion and Memorandum of Law in Support of Plaintiff's Ex Parte Application for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by E-Mail and/or Electronic Publication (the "Ex Parte Application for TRO") and (b) Declaration of Christopher Maiwald.

In this action for design patent infringement, Plaintiff is requesting temporary ex parte relief. With the permission of the Court, Plaintiff has already filed the Complaint and Schedule A under seal. Plaintiff's Ex Parte Application for TRO similarly contains information that could enable Defendants to learn of these proceedings prior to the execution of the temporary restraining order. If Defendants were to learn of proceedings prematurely, the likely result would be the hiding or transferring of assets to foreign jurisdictions and the destruction of relevant documentary evidence. *Tangle, Inc. v. The Individuals*, No. 22-CV-2350 (S.D.N.Y. Mar. 23, 2022).

The ability of Defendants to destroy and/or transfer resources would harm Plaintiff's ability to enforce its patent rights and frustrate the purpose of the underlying law and interfere with this Court's power to grant relief. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) ("[t]he proponent of sealing must "demonstrat[e] that closure is essential

to preserve higher values and is narrowly tailored to serve that interest." *quoting*, *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Defendants will be ultimately be informed of the Ex Parte Application for TRO through service, and so will be made aware and not be prejudiced via the instant action. Once the complaint, exhibits, and temporary restraining order have been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

Plaintiff is cognizant of Your Honor's Individual Rule 4(B)(iii)(a) requiring a meet and confer with any opposing party. As this matter satisfies the standards of Federal Rule of Civil Procedure 65(b), and because the Plaintiff has already been granted leave to file the Complaint and certain exhibits under seal, a meet and confer is not practicable.

Accordingly, Plaintiff respectfully requests that the Court grants Plaintiff leave to file its EX Parte Application for TRO under seal. *See, e.g., WowWee Group Ltd. et al v. Meirly, et al*, No. 1:18-cv-00706 Dkt. No. 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al.*, No. 1:17-cv-07422 Dkt. No. 19 (S.D.N.Y. Oct. 13, 2017) (same).

<u>Plaintiff Requests a Videoconference or Teleconference</u>

Pursuant to Your Honor's Individual Rule 2(A), Plaintiff requests that any hearing concerning its Ex Parte Application for TRO be conducted by videoconference or teleconference.

\* \* \*

For the reasons set forth above, Plaintiff respectfully request that the Court issue an Order directing that: (1) Plaintiff be granted leave to file its Ex Parte Application for TRO and supporting Declaration of Christopher Maiwald under seal; and (2) that any hearing related to the foregoing be conducted by videoconference or teleconference.

Respectfully submitted,

 /David A. Boag/_____
David A. Boag (DB9899)
**BOAG LAW, PLLC**
447 Broadway, Suite 2-270
New York, NY 10013
(212) 203-6651
dab@boagip.com

*Attorneys for Plaintiff Dropcases Ltd.*