UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DROPCASES, LTD.,<br><br>      Plaintiff,<br>  v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br><br>      Defendants. | Case No. 24-cv-02589-JLR<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER GRANTINGTEMPORARY ASSET RESTRAINT, EXPEDITED DISCOVERY, AND SERVICE OF PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

The Court having considered Plaintiff' *ex parte* submission, including all papers filed in support thereof, for the following relief:

  (1) a temporary injunction against Defendants (detailed in the Schedule A attached to the Complaint), enjoining the manufacture, importation, distribution, offering for sale, and sale of infringing electric vehicle charging adapters;

  (2) a temporary restraint of Defendants' assets to preserve Plaintiff's right to an equitable accounting;

  (3) an order to show cause why a preliminary injunction should not issue;

  (4) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of infringing EV Adapter Products; and Defendants' financial accounts; and

  (5) service by electronic mail and/or electronic publication

  (collectively, the "Ex Parte Application for TRO").

The Court finding that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship and/or selling products into this Judicial District. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Defendant Internet Stores through which New York residents can purchase electric vehicle charging adapters that infringe U.S. Patent No. D1,018,469 (the "'469 Patent"); and

The Court finding that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration Christopher E. Maiwald, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in U.S.-based financial institutions to offshore accounts; and

The Court finds that Plaintiff has shown that: (a) Plaintiff has a reasonable likelihood of success on the merits, (b) no adequate remedy at law exists, (c) Plaintiff will suffer irreparable harm without injunctive relief, (d) the irreparable harm suffered without injunctive relief outweighs the irreparable harm defendant will suffer if the injunction is granted, and (e) the injunction will not harm the public interest; therefore

Effective immediately, the Court further ORDERS as follows:

## TEMPORARY RESTRAINING ORDER

1. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for twenty-one (21) days from the date of this order, and for such further period as may be provided by order of the Court:

    (a) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in infringing products, or any other products infringing the '469 Patent;

    (b) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    (c) knowingly instructing any other person or business entity to engage in any of the activities referred to in this Order.

## TEMPORARY ASSET RESTRAINT

2. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Amazon.com, Inc., including its subsidiaries and related companies ("Amazon") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Internet Stores or websites:

    (a) Locate all accounts and funds connected to and related to Defendants. Defendants' Internet Stores or Defendants' websites, including, but not limited to,

any Amazon accounts connected to and related to the information listed in Schedule A hereto;

(b) Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court; and

(c) Suspend each of Defendants' Internet Stores.

4. Any banks, savings and loan associations, payment processors or other financial institutions for any Defendant or any of Defendants' Internet Stores or websites, shall within two (2) business days of receipt of this Order:

(a) Locate all accounts and funds connected to Defendants, Defendants' Internet Stores, or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A hereto;

(b) Restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other of Defendants' assets until further ordered by this Court, and provide written confirmation of such action to Plaintiff's counsel.

**EXPEDITED DISCOVERY**

5. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites or Defendants' Internet Stores or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as Amazon, internet service providers, web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers (including Amazon), third party processors and other payment processing service providers, shippers, and domain name registrars shall, within five (5) business

days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

(a) The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

(b) the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with each of Defendants' Internet Stores and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendants' Internet Stores;

(c) Defendants' Internet Stores;

(d) Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon or other merchant account providers, payment providers, third party processors, and credit card associations.

## SERVICE BY ELECTRONIC MAIL AND/OR ELECTRONIC PUBLICATION

6. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

(a) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website where the Defendants will be able to

download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Ex Parte Application for TRO to Defendants' e-mail addresses to be determined after having been identified by Amazon.com.

(b) delivery of a message to Defendants through the system for communications established by Amazon.com on its respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Ex Parte Application for TRO.

7. As sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants and Amazon.com through the pendency of this action.

## ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

8. Defendants are further ORDERED to show cause before this Court in Courtroom _____ of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, NY 10007 on _____, 2024 at _____ or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

9. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Boag Law, PLLC, 447 Broadway, Suite 2-270, New York, NY 10013 on or

before_____, 2024. Plaintiff shall file any Reply papers on or before _____, 2024.

10. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in above above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

## CONTINUED UNDER SEAL STATUS OF COMPLAINT AND EXHIBITS

12. Schedule A to the Complaint; Exhibit 2 to Complaint; and the Declaration of Christopher E. Maiwald shall remain sealed until Defendants' financial accounts are restrained.

## SECURITY BOND

13. Plaintiff shall place security in the amount of _____ Dollars (_____) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

14. This Temporary Restraining Order without notice and shall remain in effect for twenty-one (21) days.

**SO ORDERED,**

Dated: April __, 2024

New York, New York

_____
UNITED STATES DISTRICT JUDGE