**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DROPCASES, LTD.,<br>                Plaintiff,<br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br><br>                Defendants. | Case No. 24-cv-02589-JLR<br><br>JURY TRIAL DEMANDED |

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR SERVICE OF PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

**I.      INTRODUCTION**

Dropcases Ltd. ("Dropcases" or "Plaintiff") respectfully submits this supplemental submission regarding in response to the Court's April 22, 2024, Memorandum Opinion and Order (under seal). In the Order, the Court requested a supplemental submission on the issue of whether the addresses of each Defendant to be served are not known and whether Plaintiff has undertaken reasonable diligence to discover the address of each Defendant. Plaintiff submits that the true address of each Defendant is not known with any level of reliability and that Plaintiff has conducted sufficient diligence.

**II.     ARGUMENT**

**A. Service of Process by E-mail and/or Electronic Publication Is Warranted**

Where the location of a party is not known, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents does not apply. Order at p. 3; *see also Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022). An address is not known if the plaintiff "exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC*, 2018 WL 4757939, at *4.

As outlined in the Supplemental Declaration of Christopher Maiwald ("Maiwald Suppl. Decl.," submitted herewith), representatives of the Plaintiff conducted a thorough review of the Amazon seller page for each Defendant, reviewing the same for company, address, and other identifying information. Maiwald Suppl. Decl. ¶ 5 (describing a comprehensive procedure for researching Defendant addresses). Where address information was available and useful, the Plaintiff entered the address into a mapping platform such as Baidu Maps and carefully reviewed the results, examining satellite or street-level imagery to determine whether the address was

legitimate." *Id*. Additional Internet searches were conducted to verify the address information on both U.S. and Chinese search engines.

Even with this multi-level review of each address, the Plaintiff had "little to no confidence that the addresses provided by the Defendants are accurate or provide reliable evidence of an actual place of business where service of process could be accomplished." Maiwald Suppl. Decl. ¶ 6. Mr. Maiwald's experience in the industry informed his conclusion that these addresses were by and large inaccurate and that additional and costly on-the-ground investigation would be futile. *Id*. A sample of the addresses provided by the Defendants confirms this conclusion. See Maiwald Suppl. Decl. ¶¶ 8-12 (highlighting misleading and inaccurate address information provided by Defendants).

Plaintiff's challenges in locating the Defendants' whereabouts are unfortunately unsurprising. It is well-documented that counterfeiters intentionally obscure their identifying information and locations to exploit the benefits of American marketplaces while peddling goods that infringe on intellectual property rights. This strategic evasion significantly complicates the process of serving legal documents and effectively enforcing the law.

Viewing the circumstances as a whole, Plaintiff has satisfied the "reasonable diligence" standard for investigating the location of each Defendant.

**B.** **Email Service Here Will Provide an Expeditious Resolution to the Action**

Plaintiff acknowledges that the Court finds the analysis of *Smart Study Co.* to be influential. Order at 2. However, Plaintiff notes that persuasive authority exists in this district for electronic or email service in similar circumstances, even after *Smart Study Co*. For example, in *Foxmind Canada Enterprises Ltd. v. Acexl, et al.*, No. 23-cv-01764 (S.D.N.Y. filed Mar. 27, 2023), the Plaintiff sought permission to effect service on foreign defendants via: (a) registered email with proof of delivery and (b) online publication. *Foxmind*, Dkt. No. 16 at p. 16. As is the case here,

Defendants there were individuals and businesses "located in China but conduct business in the U.S. and other countries using their respective User Accounts and Merchant Storefronts on Amazon." *Id*.

The Court there issued a temporary restraining order permitting electronic service on all defendants by delivery of: (a) a PDF copy of the order, summons, and complaint, and (b) a link to a web portal with information on the suit. *Foxmind*, Dkt. No. 18 at p. 8. There, the Court further required that service be made on all known email addresses of the defendants after discovery from Amazon could be made. Plaintiff requests that the same procedure be implemented here.

Further, email service is the most reliable and expeditious method to reach each of the named Defendants and advise them of the pendency of this action. The Defendants are each merchants on Amazon and are thus accustomed to email communication in the normal course of their businesses and have an incentive to maintain that address. Maiwald Suppl. Decl. ¶ 13. No such incentive exists for maintaining a physical address.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that its request for permission to serve the Defendants by electronic means be granted as part of its motion for a temporary restraining order.

Dated: April 26, 2024

Respectfully submitted,

BOAG LAW, PLLC

By: /s/David A. Boag

David A. Boag (DB9899)
447 Broadway, Suite 2-270
New York, NY 10013
(212) 203-6651
dab@boagip.com

*Attorneys for Plaintiff Dropcases Ltd.*