UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DROPCASES, LTD.,<br><br>                Plaintiff,<br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>                Defendants. | Case No. 24-cv-02589-JLR<br><br>JURY TRIAL DEMANDED |

**SUPPLEMENTAL DECLARATION OF CHRISTOPHER E. MAIWALD IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Christopher E. Maiwald, declare as follows:

1. I am Managing Director and Founder of Dropcases Ltd. ("Plaintiff" or "Dropcases"), the Plaintiff in this action. I make this affidavit in supplement to my April 17, 2024 Declaration, which was entered in this action.

2. Dropcases was founded in 2015 and since then has operated in large part through Amazon.com. I have thus become very familiar with the operation of Amazon.com retailer sites, the behavior of other retailers, and general efforts in the industry to mask seller identities to minimize liability. I have dedicated significant time and effort to comprehensively understanding the Amazon platform, successfully selling products, and achieving sales exceeding US$100 million since 2015.

3. I was personally involved in the creation of Schedule A to the Complaint and supervised my team in the research, selection, and review of all entries listed therein.

4. When a determination was made that a particular infringer was to be included in Schedule A, we took steps to ascertain additional information about the infringer, including their location.

5. Our process for identifying the location of each infringer was devised and implemented by our Mainland China team, leveraging their expertise in researching Chinese companies and proficiency in Chinese language and platforms. The process consisted of several key steps:

    a. Our team conducted a comprehensive review of the Amazon seller page to gather company, address, and other identifying details.

    b. Where an address was provided, we utilized Baidu Maps to locate the company name and address before cross-referencing it with the company name listed on Amazon. Baidu, a multinational technology company, is the Chinese equivalent of Google. Our investigations revealed addresses associated with misleading or incorrect company names, virtual offices, and residential addresses.

    c. Due to the requirement of Chinese characters for company searches on centralized Chinese databases such as Qichacha (企查查), we were unable to complete searches, as Amazon's policy restricts the use of Chinese characters for company names.

    d. Throughout the process, our team applied their expertise to ensure accuracy, conducting thorough internet searches for additional information to validate the legitimacy of each identified infringer

6. Based on this review, I have little to no confidence that the addresses provided by the Defendants are accurate or provide reliable evidence of an actual place of business where service of process could be accomplished. I cannot identify with certainty the country of residence of any Defendant. This conclusion is based on my review of Schedule A and my years of experience in the industry.

Document Ref: QQHYK-EKCPC-HM7VT-TD5VX

7. Exhibit A includes a summary of the address information provided on Amazon for each of the Schedule A Defendants. A cursory review reveals numerous problems, a small sample of which are highlighted below.

8. For example, the address provided by N&B Mobility Solutions LLC is a United States Postal Service branch in Casper, Wyoming.

9. Further, Dongguan City Lang Jun Hardware Electronics Co. provided an address that is incomplete, and which would frustrate service.

10. Further, Shockflo Innovation Co., Ltd provided an address that is home to The Mailbox Seattle, a virtual address provider.

11. Further, Smartsafe Tech HK Co., Limited contains "HK" in its name (presumably indicating Hong Kong residency) but a residential address provided in SHENZHEN City, China.

12. Several Defendants list nonsensical business names that could not be proper recipients of service. Examples include "ningboboliandunqipeiyouxiangongsi," "shenzhenshitingqinkejiyouxiangongsi," and "luolanshengwugaoxinkejishanghaiyouxiangongsi."

13. It is my opinion that these addresses are a less reliable method for contacting each Defendant and apprising them of this action than would be email communication. As e-commerce merchants, the Defendants are accustomed to email communication and have an incentive to keep the email address current. No such incentive exists for maintaining a physical address.

14. To exhaust all avenues for validating the listed addresses of the Defendants, we would need to send an investigator to each location. This is impractical for a company the size of Dropcases and is not likely to provide useful additional affirmation.

15. Dropcases is located in Hong Kong. Even if it were possible to send an investigator to each location, I believe that such a step would be in vain because I have little to no confidence

Document Ref: QQHYK-EKCPC-HM7VT-TD5VX　　　Page 3 of 4

that theses addresses are real. Further, it would be prohibitively expensive for a company the size of Dropcases to send investigators to 100 or more locations in a foreign country. Further still, the additional investigation could alert Defendants to the initiation of this action and frustrate the proposed TRO.

16. It is my belief that the Defendants use tactics to blur their true location to provide insulation from litigation brought to enforce U.S. intellectual property rights.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Christopher Maiwald*

DATED this 26th day of April 2024   _____
Christopher E. Maiwald

Document Ref: QQHYK-EKCPC-HM7VT-TD5VX    Page 4 of 4