UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:24-cv-2589-JLR

Dropcases, LTD,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    Defendants.
_____/

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The three defendants, ZANCH (Amazon Seller ID:ADSS19F2QBDH), REEVAA (Amazon Seller ID:A3VRKTJSQMTVTN) and wigoo (Amazon Seller ID: A1DLYSM5HRFON4) in the above-captioned action, by and through their counsel undersigned, hereby respond in opposition to Plaintiff's Motion and Memorandum of Law in Support of Plaintiff's Ex Parte Application for Entry of a Temporary Restraining Order, Including a Temporary Injunction, A Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication ("Motion for PI"), and state as follows:

### LEGAL STANDARD

The standard for granting preliminary injunction in this Court is as follows:

> Motions for preliminary injunction in a patent infringement case require the court to examine four factors: "(1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest." Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331,

1338-39 (Fed. Cir. 2003) (citing Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001)). A preliminary injunction in a patent case, however, "is an extraordinary remedy reserved for circumstances in which the merits of movant's case are clear, the irreparable injury is manifest, the hardships tip decidedly in the movant's favor, and the public interest is served by the injunction." Canon Inc. v. GCC Int'l Ltd., 450 F.Supp.2d 243, 246 (S.D.N.Y. 2006).

*Gaymar Industries, Inc. v. Cincinnati Sub-Zero Prods.*, 08-CV-299S, at *2 (W.D.N.Y. Sep. 28, 2009).

## MEMORANDUM OF LAWS AND ARGUMENT

I.     **THE LIKELIHOOD OF THE PATENTEE'S SUCCESS ON THE MERITS.**

**A. Defendants' Products Were On-Sale More Than One Year Prior to the Application Date of US D1,018,469 S Patent ("'469 Patent").**

Plaintiff filed the application of US D1,018,469 S Patent at-issue on May 17, 2022. As ruled in *Pfaff*, "[l]ike the earlier holding in Pennock, that provision precluded patentability if the invention had been placed on sale at any time before the patent application was filed." *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 65 (1998). In *BAM Bags, LLC v. ZIP-IT Ltd*, this Court explained the one-year on-sale bar rule:

> Patents are invalid under the statutory on-sale bar, if the invention was "on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C.A. § 102(b) (West). In *Pfaff*, the Supreme Court explained that "the on-sale bar applies when two conditions are satisfied before the critical date." 525 U.S. at 67. "First, the product must be the subject of a commercial offer for sale...."Second, the invention must be ready for patenting." Id. (emphasis added). Even "a single sale or offer for sale suffices to bar patentability" and "[a]cceptance of a purchase order for the patented invention constitutes a commercial sale for on-sale bar purposes." Cummings, 716 F. Supp. 2d at 333-34.

*BAM Bags, LLC v. ZIP-IT Ltd.*, 15 Civ. 2172 (ER), at *13 (S.D.N.Y. June 26, 2019).

Defendants' products, as Plaintiff alleged in his Motion for PI, are with "striking similarity" to Plaintiff's patent. *See* the Motion for PI Under Seal, p. 10, ¶ 2. However,

Defendants' products are identical to the products of Zencar NACS that was on public sale starting September 6, 2020, one and a half year prior to the application date May 17, 2022 of '469 Patent. *See* Exhibit "A", ZENCAR NACS's product page on Amazon, p. 8.[1] A screenshot is provided below as Figure 1 for convenient reference. *See* Exhibit "B" for a copy of Plaintiff's '469 Patent. Thus, all the features of Defendants' product, are non-patentable on the date of may 17, 2022. *See* Figure 2, 3, 4, and 5 below.



Figure 1: Date of First Available for ZENCAR NACS Product.

Figure 2: ZENCAR NACS Product

Figure 3: Defendant ZANCH's Accused Product

---

[1] The product page is displayed on Amazon, available at https://www.amazon.com/Adapter-Self-Locking-Connector-Destination-Charging/dp/B0B3CS6674/ref=cm_cr_arp_d_product_top?ie=UTF8&th=1, last visited June 12, 2024.



**Figure 4: Defendant Wigoo's Accused Product**



**Figure 5: Defendant REEVAA's Accused Product**



**Figure 6: Plaintiff's '469 Patent.**

Thus, Plaintiff's argument that Defendants infringed his patent will not likely to succeed on merits.

**B. Obviousness.**

In *Thomas America Corp. v. Fitzgerald,* the court explained about "obviousness" as follows:

> When analyzing a design patent, 'obviousness is determined from the vantage of `the designer of ordinary capability who designs articles of the type presented in the application.'" *Avia Group Int'l Inc. v. L.A Gear California, Inc.,* 853 F.2d 1557, 1564 (Fed. Cir. 1988) (quoting *In re Nalbandian,* 661 F.2d 1214, 1216 (C.C.P.A. 1981).

*Thomas America Corp. v. Fitzgerald*, 869 F. Supp. 221, 224 (S.D.N.Y. 1994).

Between Plaintiff's '469 Patent (Figure 5 above) and ZENCAR NCAS' product (Figure 2 above), there seems to have no difference from the vantage of an ordinary designer. Thus, the modification, if any, is minor and subject to the bar of obviousness.

## II. IRREPARABLE HARM.

There is n presumption of irreparable harm. "In 2006, however, the United States Supreme Court held that even in cases where infringement has been proven on the merits, for purposes of considering a permanent injunction, there is to be no automatic presumption that the infringement has caused irreparable harm. eBay Inc. v. MercExchange , LLC , 547 U.S. 388, 392-94 (2006)." Caldwell Manufacturing Company N.A. v. Amesbury GR, 11-CV-6183T, at *5 (W.D.N.Y. Aug. 11, 2011). In the instant case, Plaintiff can hardly prove on merit the infringement, let alone the irreparable harm.

"In patent cases, to establish irreparable harm for purposes of obtaining a preliminary injunction, the patent holder must establish that he or she is subject to harm that can not be adequately compensated for by the payment of money damages, or that monetary damages may be difficult to ascertain." *Caldwell Manufacturing Company N.A. v. Amesbury GR*, 11-CV-6183T, at *6 (W.D.N.Y. Aug. 11, 2011).

Here, Defendants' identical products were sold long before the time Plaintiff filed his patent application to the U.S. Patent and Trademark Offices (USPTO). Thus, Plaintiff has no harm to be subject to as '469 Patent is not novel at all.

## III. BOND ISSUE.

In the instant case, Plaintiff will be difficult to make his case-in-chief, thus Plaintiff will likely face flood of claims due to his wrongful restraint of assets as he sued some 119 defendants simultaneously. The bond of $20K, if assigned to each defendant, shall be only $200 or so each defendant, which is evidently insufficient.

**WHEREFORE**, ZANCH, REEVAA and wigoo, by and through their counsel undersigned, hereby request that this Court deny Plaintiff's Motion for Preliminary Injunction.

Date: 06/12/2024                                       Respectfully submitted,

*/s/ Jianyin Li*u
Jianyin Liu, Esq.
FBN: 1007675
The Law Offices of James Liu PLLC
9010 SW 25TH ST UNIT 1,
Miami, FL 33165
jamesliulaw@gmail.com;
jamesliu@jamesliulaw.com
Ph: (305) 209 6188

## CERTIFICATE OF SERVICE

I CERTIFY that on June 12, 2024 the foregoing was electronically filed on CM/ECF, which will serve it via electronic mail to counsel of record.

/s/ Jianyin Liu