UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DROPCASES, LTD.,<br><br>                Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 24-cv-02589<br><br>Honorable Judge Jennifer L. Rochon<br><br>Magistrate Judge Gary Stein |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PRELIMINARY INJUNCTION**

Defendants EVDANCE and Seguma ("Defendants"), through the undersigned counsel, object to a Preliminary Injunction in favor of Plaintiff Dropcases, Ltd. ("Plaintiff"). Alternatively, Defendant EVDANCE requests that this Court reduce the asset freeze. Additionally, Defendants request that this Court impose/raise the injunction bond. In support of their opposition, Defendants state as follows:

**I.   INTRODUCTION AND FACTS**

On April 4, 2024, Plaintiff filed this lawsuit against a large number of online sellers, including Defendants, alleging patent infringement. [Dkt. No. 1]. Plaintiff claims to be the owner of US D1,018,469 ("Plaintiff's Alleged Patent"). On June 3, 2024, this Court entered an Order for Defendants to file any opposing papers as to why a Preliminary Injunction should not issue by June 12, 2024. [Dkt. No. 21].

**II.     ARGUMENTS**

To begin, as the Supreme Court has clearly articulated, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc*., 555 U.S. 7, 24 (2008). Indeed, the Plaintiff seeking a preliminary injunction must establish "(1) a reasonable likelihood of success on the merits; (2) irreparable harm absent an injunction; (3) that the balance of hardships tips in its favor; and (4) that the public interest favors an injunction." *Collagenex Pharmaceuticals, Inc. v. IVAX Corp.*, 375 F. Supp. 2d 120, 134 (E.D.N.Y. 2005) (citing *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc*., 279 F.3d 1357, 1364-1365 (Fed. Cir. 2002)).

Here, a Preliminary Injunction in favor of Plaintiff must be denied because Plaintiff cannot demonstrate a likelihood of success on the merits. Alternatively, Defendant EVDANCE requests that this Court reduce the asset restraint. Further, Defendants requests that an injunction bond be issued and/or raised to an equitable amount to compensate Defendants in the event Defendants prevail on the merits.

> **A.     Plaintiff cannot demonstrate a likelihood of success on the merits because Plaintiff's Alleged Patent is invalid due to prior art, and Defendants' products do not infringe Plaintiff's Alleged Patent.**

"A plaintiff seeking a preliminary injunction in a patent case 'must show that, in light of the presumptions and burdens applicable at trial, it will likely prove' infringement and 'that the patent will likely withstand' a validity challenge." *GeigTech East Bay LLC v. Lutron Electronics Co.*, 2018 U.S. Dist. LEXIS 154718, at *6-7 (S.D.N.Y. Sep. 5, 2018). Specifically, as in this case, "where an accused infringer raises a 'substantial question' concerning validity, enforceability, or infringement, and the patentee does not demonstrate that the defense 'lacks substantial merit,' the preliminary injunction should not issue." *Id*.; *See Genentech, Inc., v. Novo Nordisk A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

Here, a Preliminary Injunction must be denied because Plaintiff cannot demonstrate a likelihood of success on the merits because Plaintiff's Alleged Patent is invalid due to prior art predating Plaintiff's Alleged Patent's filing date, and Defendants' products do not infringe Plaintiff's Alleged Patent.

First, Plaintiff's Alleged Patent is invalid due to anticipation. Indeed, "[a] person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention…" 35 U.S.C. § 102. In other words, a design patent is anticipated if "in the eye of an ordinary observer, giving such attention as a purchaser usually gives," its design is "substantially the same" as that of the prior art. *Samsung Electronics Co., Ltd. v. Apple, Inc.*, 137 S. Ct. 429, 196 L. Ed. 2d 363 (2016) (stating ordinary observer test in context of infringement) (citation omitted).

Attached as **Exhibit 1** is an Amazon listing for a product that is "substantially the same" – if not virtually identical – to Plaintiff's Alleged Patent, with a date first available of August 24, 2021 (before Plaintiff's Alleged Patent's filing date).

| Plaintiff's Alleged Patent | Prior Art #1 (Exhibit 1) |
|---|---|
|  | |

Attached as **Exhibit 2** is another listing for a product that is "substantially the same" – if

3

not virtually identical – to Plaintiff's Alleged Patent, with review comments dated as early as October 24, 2018 (before Plaintiff's Alleged Patent's filing date).

| Plaintiff's Alleged Patent | Prior Art #2 (Exhibit 2) |
|---|---|
|  | |

Attached as **Exhibit 3** is another product that is "substantially the same" – if not virtually identical – to Plaintiff's Alleged Patent, with a date first available of August 24, 2021 (before Plaintiff's Alleged Patent's filing date).

| Plaintiff's Alleged Patent | Prior Art #3 (Exhibit 3) |
|---|---|
|  |  |

4

As seen from **Exhibits 1-3** and the charts above, the prior art, predating Plaintiff's Alleged Patent's filing date by more than a year, is "substantially similar" – if not virtually identical - in all material respects to the claimed invention. Specifically, electric charging port is of same size, shape, and design; the base connection of same size, shape, and design; and the base connection switch is located on the bottom of each, where all are the same size, shape, and design. Further, the arch and body shell shape of both contain the same curvature and bend throughout. Moreover, the prior art contains the exact same clamping mechanism above the charging port, having the same size, shape, and design.

Plaintiff may attempt to argue that the above cited prior art references are not applicable due to the one-year grace period, where:

> "[a] disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1) if— (A) the disclosure was made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor; or (B) the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor."

However, in this case, none of these prior art references appear to be published by Plaintiff. Also, more importantly, these exceptions are not even applicable because the prior art references cited by Defendants were on sale or otherwise available to the public over one year before Plaintiff's Alleged Patent's filing date. Here, Plaintiff's Alleged Patent has a filing date of May 17, 2022. Even if Plaintiff could establish a one year grace period, that grace period could only reach until May 17, 2021. As seen above, the majority of the prior art references, all of which are "substantially the same" – if not identical in all material respects – compared to the claimed invention, predate this grace period. As such, the one year grace period exceptions are inapplicable.

In sum, the above cited prior art references, individually, are "substantially the same" – if

not virtually identical in all material respects - to the claimed invention. As a result, Plaintiff's Alleged Patent is anticipated by several prior art references on sale and/or available to the public over one year before Plaintiff's Alleged Patent's filing date. Therefore, Plaintiff's Alleged Patent is invalid, and a Preliminary Injunction in favor of Plaintiff must be denied.

Second, Defendants' product do not infringe Plaintiff's Alleged Patent.

To begin, "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Street Flyers LLC v. Gen-X Sports, Inc.*, 2003 U.S. Dist. LEXIS 14597, at *41 (S.D.N.Y. Aug. 19, 2003). Indeed, "[a] design patent protects the **nonfunctional aspects** of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Here, Plaintiff's Alleged Patent attempts to claim the electric outlet charging design; however, this interface is the common SAE J1772, which is also known as a J plug or Type 1 connector after its international standard, IEC 62196 Type 1, which is a North American standard for electrical connectors for electric vehicles maintained by SAE International under the formal title "SAE Surface Vehicle Recommended Practice J1772, SAE Electric Vehicle Conductive Charge Coupler." This SAE J1772 interface is the same for all manufacturers.

Next, "comparison of the accused product includes two distinct tests, both of which must be satisfied in order to find infringement: (a) the 'ordinary observer' test, and (b) the 'point of novelty' test." *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002). Under the "ordinary observer" test, the fact finder must determine, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Id*. "The 'point of novelty' test

is distinct from the 'ordinary observer' test and requires proof that the accused design appropriates the novelty which distinguishes the patented design from the prior art." *Id*.

Attached as **Exhibit 4** is a comparison chart between Defendants' product and Plaintiff's Alleged Patent. As seen and detailed in Column 1, Defendants' products are substantially different, such that an ordinary observer would not be deceived into purchasing one supposing it to be the other. This becomes even more evident when observing the prior art in the "point of novelty" test. As described above and attached as **Exhibits 1-3**, the prior art fully anticipates the claimed design. Even if this Court finds that the prior art differs in minor respects, those minor differences between the prior art and Plaintiff's Alleged Patent are not contained in nor improperly appropriated by Defendants.

Based on the foregoing, Defendants submit that Plaintiff does not show a likelihood of success on merits because Defendants' products do not infringe Plaintiff's Alleged Patent. As a result, a Preliminary Injunction in favor of Plaintiff must be denied.

**B.      Alternatively, this Court should reduce the asset freeze.**

Alternatively, if this Court finds Plaintiff has a likelihood of success on the merits of patent infringement despite the cited prior art references and differences, this Court should reduce the asset freeze.

The Court may issue an asset freeze to the extent it is necessary to preserve the Plaintiff's right to an accounting, but **may not freeze assets for the purpose of preserving Plaintiffs claim for statutory damages**, which are legal, not equitable, in nature. *Klipsch Grp., Inc. v. Big BoxSlore Lid*., No. 12-civ-6283-AJN, 2012 WL 5265727, at *6 (S.D.N. Y. Oct. 24, 2012).

Here, if Plaintiff elects lost profits, Plaintiff will be entitled to much less than the current asset restraint. Specifically, as detailed in the attached Declaration of Maomao Cai, Defendant

EVDANCE made 1,837 sales of allegedly infringing products with a total sales amount of $99,692.00, with an estimated profit of $4,300.00. Plaintiff currently has $260,259.45 frozen.

As a result, this Court should lower the asset restraint to an equitable accounting of profits. Defendant EVDANCE suggests an asset freeze of $5,000.00.

### C. An injunction bond should be required and/or raised because Defendants cannot be made whole in the event Defendants prevail on the merits.

"Justice Stevens explained the underlying purpose of injunction bonds in *Edgar v. MITE Corp.*:

> 'Since a preliminary injunction may be granted on a mere probability of success on the merits, generally the moving party must demonstrate confidence in his legal position by posting bond in an amount sufficient to protect his adversary from loss in the event that future proceedings prove that the injunction issued wrongfully.'"

*Nokia Corp. v. Interdigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011) (citing 457 U.S. 624, 649, 102 S. Ct. 2629, 73 L. Ed. 2d 269 (1982) (Stevens, J., concurring in part and concurring in the judgment); *see also Global NAPs*, 489 F.3d at 21 ("[The party seeking an injunction] made a business judgment that it was willing to incur the 'cost' of a possibly wrongful injunction in order to take its appeal."); *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003) ("The [injunction] bond can ... be seen as a contract in which the court and the applicant 'agree' to the bond amount as the 'price' of a wrongful injunction." (quoting Instant Air Freight Co. v. CF. Air Freight, Inc., 882 F.2d 797, 805 n.9 (3d Cir. 1989) (alterations omitted))).

Defendants' businesses have suffered since April 30, 2024 and continue to suffer prejudice to their ratings, sales, profits, and overall business operations due to the seizing of their funds and sale restraint. In the event Defendants prevail on the merits, which appears to be likely, Defendants cannot be properly compensated or made whole for the asset and sale restraint.

In short, Defendants request that Plaintiff's Injunction Bond be set to $250,000.00. This

money is still not likely to even compensate Defendants along with the other large number of defendants whose business operations have been halted for this duration on a highly selling product.

### III. CONCLUSION

In sum, the cited prior art references (all of which predate Plaintiff's Alleged Patent's filing date by more than a year) are identical in all material respects to the claimed invention, and as a result, Plaintiff's Alleged Patent is invalid. Further, Plaintiff cannot rely on any grace period exception because the cited prior art was on sale and/or available to the public well before the one year grace period would even be applicable. Further, Defendants' products are not substantially similar to Plaintiff's Alleged Patent and therefore do not infringe. As a result, Defendants respectfully request that this Court deny a Preliminary Injunction in favor of Plaintiff and dissolve the TRO. Alternatively, Defendant EVDANCE requests that this Court reduce the asset restraint. Finally, Defendants respectfully request the injunction bond be set to $250,000.00 to adequately compensate Defendants and other defendants in the event they prevail on the merits.

DATED June 12, 2024

Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei (pro hac vice to be filed)
Getech Law LLC
203 N LaSalle St
Suite 2100
Chicago, IL 60601
Tel.: 312-888-6633
IL Attorney No. 6313341
linda.lei@getechlaw.com


/s/ Michael Boldt
Michael Boldt (pro hac vice to be filed)

Getech Law LLC
203 N LaSalle St
Suite 2100
Chicago, IL 60601
Tel.: 312-888-6633
IL Attorney No. 6345505
michael.boldt@getechlaw.com

*Attorneys for Defendants*