UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| Dropcases, LTD., | ) | Docket No.: 1: 24-cv-02589-JLR |
| Plaintiff | ) | |
| -Against - | ) | |
| THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) | **DEFENDANT FOCSPROD'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |
| Defendants. | ) | |

---------------------------------------------------------X

I. **INTRODUCTION**

On April 4, 2024, the plaintiff initiated this lawsuit against numerous online sellers, including the defendant, FOCSPROD, accusing defendant of patent infringement. *[ECF. No. 1]*. The plaintiff asserts ownership of US Patent D1,018,469 ("the Plaintiff's Alleged Patent"). On June 3, 2024, the court issued an order requiring the defendants to show cause before the Court on June 17, 2024 at 11:00 a.m. eastern time, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. *[ECF No. 21]*. Defendant FOCSPROD did not have actual notice of the proceeding until May 31, 2024.

II. **FACTUAL BACKGROUND.**

Defendant, FOCSPROD is a legitimate online seller of products similar to those sold by many other vendors across the internet. In this case, Plaintiff did not attempt to serve Defendant(s) with the Complaint or any court document, and initiate this lawsuit without giving any notification to the Defendant FOCSPROD, which fails to comply with the requirements for service of process.

Defendant FOCSPROD first learned of this lawsuit on May 30, 2024 through the Amazon.com selling account notice: "we removed some of your listings and your disbursements from your seller account have been placed on hold" *See Exhibit A, Defendant FOCSPROD's Affidavit, Declaration of RongMao Chen*.



However, mere receipt of notification of the lawsuit or lawsuit documents through improper means is insufficient to remedy defective service under well-established precedent.

Defendant FOCSPROD's Counsel Mr. Gong attempted to confer with Plaintiff Counsel on his motion to dismiss and a meeting time was agreed by Plaintiff's Counsel Mr. Boag.



Hi Zhi (Teddy) Gong,

Your Call with David with BOAG LAW, PLLC (Da⋯
06:45am (Hawaii Time) on Friday, June 14, 2024
David will call you at **Location:** +1 407-636-0719

Your Answers:

Please share anything that will help prepare for our
On my motion to dismiss

This event should automatically show up on your calendar.⋯
add it manually:

But Mr. Boag did not show up. At the end, Defendant FOCSPROD's Counsel Mr. Gong only briefly talked to Mr. Boag's secretary by his firm's main phone line, and received a promise that Mr. Boag would call back immediately. Without receiving a proper opportunity to meet and confer with the opposing counsel or being offered terms for settlements, Mr. Gong hereby filed this Motion To Dismiss.

As Defendant has not been properly served in this case, the Court lacks personal jurisdiction over Defendant. Defendant Counsel hereby respectfully request the Court to dismiss the Complaint against Defendant pursuant to 12(b)(5) for insufficient service of process.

### III.   PLAINTIFFS' CLAIMS AGAINST FOCSPROD SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

### A. Legal Standard.

Rule 12(b)(5) provides for dismissal of a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Proper service of a corporation, partnership, or association in a federal action is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Under Rule 4(h)(2), service upon a corporation, partnership, or association at a place not within any judicial district of the United States may be completed by:

> in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Under Rule 4(f):
> SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[ ] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)* (*citing Darden v. Daimler Chrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002))*. "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010) (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005))*.

Under *Madu, Edozie & Madu v. SocketWorks* case, the Court grants plaintiffs sixty (60) days from the date of this Opinion and Order to re-serve the summons and complaint on Rwabwogo and Adabla consistent with the Federal Rules of Civil Procedure and with this Opinion and Order, *Madu, Edozie & Madu, P.C. v SocketWorks Ltd. Nig., 265 FRD 106, 117 (SDNY 2010)*.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." *Fed. R. Civ. P 4(m)*. This 90-day rule under Fed. R. Civ. P 4(m) does not apply if a defendant is in a foreign country.

Although Rule 4(m) creates an exception in timing for "service in a foreign country pursuant to subdivision (f)," [*134] which sets forth procedures for such service, see Rule 4(f), this exception does not apply if, as here, the plaintiff did not even attempt to serve the defendant in the foreign country. *See Usha (India), Ltd. v Honeywell Intl., Inc., 421 F3d 129, 133-134 (2d Cir 2005), See also Mentor Ins. Co., 996 F.3d at 512; Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)*.

### B. Proof Of Service Has Not Been Established

Pursuant to Rule 12(b)(5), Fed. R.Civ.P., "a complaint may be dismissed for insufficient service of process." *Howard v. Klynveld Peat Marwick Goerdeler, 977 F.Supp. 654, 658 (S.D.N.Y.1997) see also Hawthorne v.Citicorp Data Sys., Inc., 219 F.R.D. 47, 49 (E.D.N.Y.2003)* ("Without proper service a court has no personal jurisdiction over a defendant."). On such jurisdictional matters, the plaintiff bears the burden of proof that service was sufficient. *Khan v. Khan, 360 Fed.App'x 202, 203 (2d Cir. 2010); Mende v. Milestone Technology, Inc., 269 F.Supp. 2d 246, 251 (S.D.N.Y. 2003); Weston Funding v. Consorcio G Grupo Dina, 451 F.Supp.2d 585, 589(S.D.N.Y. 2006).See also Commerv. McEntee, 283 F.Supp.2d 993, 997 (S.D.N.Y.2003)* ("Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *(quoting Klynveld, 977 F.Supp. at658))*. Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." *Kwon v. Yun, No. 05 Civ. 1142,2006 WL 416375, *2 (S.D.N.Y. Feb. 21, 2006) (citations omitted); see also Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998)*. A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss. *See generally Martin v. New York State Dep't of Mental Hygiene,588 F.2d 371, 373 (2d Cir. 1978)*.

Waiver of service, moreover, cannot lightly be inferred. *See Klynveld,977 F.Supp. at 659* (requests for "affirmative relief" by defendant not waiver of service objection, where service objection presented "prior to or simultaneously with the request for affirmative relief"). Nor can defective service be ignored on the mere assertion that a defendant had "actual notice." *Russ Berrie & Co. v. T.L. Toys (HK) Ltd., No. 01 Civ. 4715(LMM),2002 WL 31458232, at *2 (S.D.N.Y. Nov.4, 2002)* ("[A]ctual notice of the action will not, in itself, cure an otherwise defective service." (internal quotation marks omitted)); *see also Grand Entertainment Group, Ltd. v.Star Media Sales, Inc., 988 F.2d 476, 492 (3rd Cir.1993); Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 300-01 (7th Cir.1991); Echevania-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988)*.

Here, plaintiff bears the burden of proof that service on the Defendant is sufficient. Defendant's actual notice of the lawsuit since May 30, 2024 is not sufficient to defeat the motion to dismiss. Defendant FOCSPROD has not waived the service of process and on the contrary, Defendant FOCSPROD objects that Plaintiff has ever attempted to make proper service of process on the Defendant.

For the aforesaid reasons, the court shall find that proof of service on the defendant has not been established.

### C. Attempt to Serve by Email on Litigants in China is Prohibited by the Hague Convention and Improper

Any attempt by the Plaintiff to serve by email fails to comply with Fed. R. Civ. P. 4(h)(2)&4(f)(1)& 4(f)(3), because it is prohibited by international agreement.

It is evident that, after reasonable diligence ((1) in the Seller Page link, or (2) open the Product Page for the accused product, click on the "sold by [Seller Name]", which will lead to the Seller Page), any reasonable person could conclude that Defendant is a Chinese entity.

Both the United States and China are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). The Hague Convention has the force of federal law, and limits available methods of service *under Fed. R. Civ. P. 4(f)(3). Water Splash Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017) ("The Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies.") (quoting Volkswagen Aktiengesellschaft v. Schlunk, 486 B.U.S. 694, 705 (1988)* (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); *See also Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Ackermann v. Levine, 788 F.2d 830, 838(2nd Cir. 1986)*. The Hague Convention applies where, as here, both the origination and destination states of the documents at issue are contracting states to the Convention.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc., 137 S. Ct. at 1508* (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk, 486 U.S. at 700*. China formally objects to all methods of service identified under Article 10, including service by mail. The Hague Convention also prohibits service by website publication and service by e-mail here. These service methods are not permitted under Article 19, because China's internal laws prohibit serving process by e-mail without a defendant's consent and prohibit service by web site publication unless a plaintiff has exhausted other means of service. *See Art. 90& Art. 95, Civil Procedural Law of the People's Republic of China (2023 Am.) ("P.R.C. Civil Procedure Law").See also Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A", 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019); Smart Study Co., Ltd. v. Acuteye-Us, 620 F. Supp. 3d 1382, 1397 (S.D.N.Y. 2022)*

6

Further, under Article 294 of the P.R.C. Civil Procedure Law, "*no foreign [non-P.R.C.] agency or individual may serve documents* . . . within the territory of the People's Republic of China without the consent of the in-charge authorities of the People's Republic of China." *Id. at Art. 294 (emphasis added); Rockefeller Tech. Investments (Asia) VII v. Changzhou Sinotype Tech.Co., Ltd., 233 Cal. Rptr. 3d 814, 826 (Ct. App. 2018)* (quoting the same Article under its pre-revision numbering [Article 261] with approval and taking judicial notice of the Article). Here, if the foreign (non-Chinese) Plaintiffs' attorney's unilateral attempt at serving process in a foreign civil proceeding on the Moving Defendant (who is Chinese) in China by direct e-mail–without the consent of appropriate local authorities in the P.R.C. –amounts to precisely the type of "self-help" by a foreign party that Article 294 of the P.R.C. Civil Procedure Law would categorically prohibit. Additionally, China's Ministry of Justice's website expressly stated that according to China's Civil Procedure Law, foreign judicial organs or individuals cannot directly serve documents on parties in China, and service must be made in accordance with the Hague Convention.[1]

Because alternative method of service by email is prohibited by the Hague Convention, it is insufficient under Fed. R. Civ. P. 4(f)(3) and 12(b)(5). The Court should reject such proposal if the Plaintiff attempt to do so.

IV. **CONCLUSION**

Based on the foregoing, Defendant FOCSPROD respectfully request that this Court dismisses Plaintiffs' Complaint with prejudice. Alternatively, if the Plaintiff could demonstrate good cause for the failure, the Court may extend the time for service for an appropriate period, and make sure the Plaintiff makes diligent efforts to serve all the defendants by means under Hague Convention within the given time.

DATED: June 15, 2024

                                                                                                                   __/s/ Zhi Teddy Gong_____

Zhi (Teddy) Gong, Esq.

Law Office of Theodore Gong, P.A.

2136 Ford Pkwy, #5182

St Paul, Minnesota 55116

Telephone: (407) 636-0719

---

[1] https://www.moj.gov.cn/pub/sfbgw/jgsz/jgszzsdw/zsdwsfxzjlzx/sfxzjlzxxwdt/202303/t20230330_475371.html

Counsel for FOCSPROD

## CERTIFICATE OF SERVICE

I CERTIFY that on June 15, 2024 the foregoing was electronically filed on CM/ECF, which will serve it via electronic mail to counsel of record.

/s/ Zhi Teddy Gong

.