UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:24-cv-2589-JLR

Dropcases, LTD,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    Defendants.
_____/

## RULE 12 MOTION TO DISMISS

Three defendants, ZANCH (Amazon Seller ID:ADSS19F2QBDH), REEVAA (Amazon Seller ID:A3VRKTJSQMTVTN) and wigoo (Amazon Seller ID: A1DLYSM5HRFON4) in the above-captioned action, by and through their counsel undersigned, pursuant to Fed. R. Civ. P. 12, request that this Court dismiss the Complaint [DE 1] and state as follows:

**I. Legal Standard.**

Rule 12(b)(5) provides for dismissal of a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Proper service of a corporation, partnership, or association in a federal action is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Under Rule 4(h)(2), service upon a corporation, partnership, or association at a place not within any judicial district of the United States may be completed by:

    in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

>Under Rule 4(f):
>
>SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

*See* Federal Rules of Civil Procedure 4(h)(2).

In *Khodeir v. Sayyed*, 323 F.R.D. 193, 201 (S.D.N.Y. 2017), the court explained:

>While a court must accept as true all of the allegations contained in the Counterclaims, that principle does not apply to legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell A. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (" [A party's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." ) (internal quotation marks, citation, and alteration omitted). In other words, " [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citation omitted), and thus a court's first task is to disregard any conclusory statements in the pleading, *see id.* at 679, 129 S.Ct. 1937.

*Khodeir v. Sayyed*, 323 F.R.D. 193, 201 (S.D.N.Y. 2017).

## II. Memorandum of Laws and Argument

### A. Plaintiff Has the Burden to Establish That the Service is Sufficient.

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[ ] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler,* 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016) (citing *Darden v. Daimler Chrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan*

*v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P 4(m). This 90-day rule under Fed. R. Civ. P 4(m) does not apply if a defendant is in a foreign country. Under *Madu, Edozie & Madu v. SocketWorks* case, the Court grants plaintiffs sixty (60) days from the date of this Opinion and Order to re-serve the summons and complaint on Rwabwogo and Adabla consistent with the Federal Rules of Civil Procedure and with this Opinion and Order. *Madu, Edozie & Madu, P.C. v SocketWorks Ltd. Nig.*, 265 FRD 106, 117 (SDNY 2010).

Although Rule 4(m) creates an exception in timing for "service in a foreign country pursuant to subdivision (f)," [*134] which sets forth procedures for such service, see Rule 4(f), this exception does not apply if, as here, the plaintiff did not even attempt to serve the defendant in the foreign country. See *Usha (India), Ltd. v Honeywell Intl., Inc.*, 421 F3d 129, 133-134 (2d Cir 2005), *See also Mentor Ins. Co.*, 996 F.3d at 512; *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

**B. Proof Of Service Has Not Been Established**

Pursuant to Rule 12(b)(5), Fed. R. Civ. P., "a complaint may be dismissed for insufficient service of process." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997) s*ee also Hawthorne v.Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y.2003) ("Without proper service a court has no personal jurisdiction over a defendant."). On such

jurisdictional matters, the plaintiff bears the burden of proof that service was sufficient. *Khan v. Khan*, 360 Fed.App'x 202, 203 (2d Cir. 2010); *Mende v. Milestone Technology, Inc.*, 269 F.Supp. 2d 246, 251 (S.D.N.Y. 2003); *Weston Funding v. Consorcio G Grupo Dina*, 451 F.Supp.2d 585, 589(S.D.N.Y. 2006).*See also Commerv. McEntee*, 283 F.Supp.2d 993, 997 (S.D.N.Y.2003) ("Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." (quoting *Klynveld*, 977 F.Supp. at658)). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." *Kwon v. Yun,* No. 05 Civ. 1142,2006 WL 416375, *2 (S.D.N.Y. Feb. 21, 2006) (citations omitted); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss. *See* generally *Martin v. New York State Dep't of Mental Hygiene*,588 F.2d 371, 373 (2d Cir. 1978).

Waiver of service, moreover, cannot lightly be inferred. See *Klynveld*, 977 F. Supp. at 659 (requests for "affirmative relief" by defendant not waiver of service objection, where service objection presented "prior to or simultaneously with the request for affirmative relief"). Nor can defective service be ignored on the mere assertion that a defendant had "actual notice." *Russ Berrie & Co. v. T.L. Toys (HK) Ltd.*, No. 01 Civ. 4715(LMM), 2002 WL 31458232, at *2 (S.D.N.Y. Nov.4, 2002) ("[A]ctual notice of the action will not, in itself, cure an otherwise defective service." (internal quotation marks omitted)); see also *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3rd Cir.1993); *Mid- Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 300-01 (7th Cir.1991); *Echevania-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988).

Here, plaintiff bears the burden of proof that service on the Defendant is sufficient. Defendant's actual notice of the lawsuit since May 30, 2024 is not sufficient to defeat the motion to dismiss. Defendants did not waived the service of process and on the contrary.

**C. Attempt to Serve by Email on Litigants in China is Prohibited by the Hague Convention and Improper.**

Any attempt by the Plaintiff to serve by email fails to comply with Fed. R. Civ. P. 4(h)(2)&4(f)(1)& 4(f)(3), because it is prohibited by international agreement.

It is evident that, after reasonable diligence ((1) in the Seller Page link, or (2) open the Product Page for the accused product, click on the "sold by [Seller Name]", which will lead to the Seller Page), any reasonable person could conclude that Defendant is a Chinese entity.

Both the United States and China are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). The Hague Convention has the force of federal law, and limits available methods of service under Fed. R. Civ. P. 4(f)(3). *Water Splash Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) ("The Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies.") (quoting *Volkswagen Aktiengesellschaft v. Schlunk*, 486 B.U.S. 694, 705 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); *See also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Ackermann v. Levine*, 788 F.2d 830, 838(2nd Cir. 1986). The Hague Convention applies where, as here, both the origination and destination states of the documents at issue are contracting states to the Convention.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.*, 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk*, 486 U.S. at 700. China formally objects to all methods of service identified under Article 10, including service by mail. The Hague Convention also prohibits service by website publication and service by e-mail here. These service methods are not permitted under Article 19, because China's internal laws prohibit serving process by e-mail without a defendant's consent and prohibit service by web site publication unless a plaintiff has exhausted other means of service. See *Art. 90& Art. 95, Civil Procedural Law of the People's Republic of China* (2023 Am.) ("P.R.C. Civil Procedure Law").*See also Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019); *Smart Study Co., Ltd. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1397 (S.D.N.Y. 2022)

Further, under Article 294 of the P.R.C. Civil Procedure Law, "no foreign [non-P.R.C.]agency or individual may serve documents . . . within the territory of the People's Republic of China without the consent of the in-charge authorities of the People's Republic of China." *Id*. at Art. 294 (emphasis added); *Rockefeller Tech. Investments (Asia) VII v. Changzhou Sinotype Tech.Co., Ltd*., 233 Cal. Rptr. 3d 814, 826 (Ct. App. 2018) (quoting the same Article

under its pre-revision numbering [Article 261] with approval and taking judicial notice of the Article). Here, if the foreign (non-Chinese) Plaintiffs' attorney's unilateral attempt at serving process in a foreign civil proceeding on the Moving Defendant (who is Chinese) in China by direct e-mail–without the consent of appropriate local authorities in the P.R.C. – amounts to precisely the type of "self-help" by a foreign party that Article 294 of the P.R.C. Civil Procedure Law would categorically prohibit. Additionally, China's Ministry of Justice's website expressly stated that according to China's Civil Procedure Law, foreign judicial organs or individuals cannot directly serve documents on parties in China, and service must be made in accordance with the Hague Convention.

Because alternative method of service by email is prohibited by the Hague Convention, it is insufficient under Fed. R. Civ. P. 4(f)(3) and 12(b)(5). The Court should reject such proposal if the Plaintiff attempt to do so.

**D. Plaintiff Failed to State a Cause of Claim for Relief.**

Plaintiff alleged that Defendants "infringe directly and/or indirectly the '469 Patent, and continue to do so via the Defendant internet Stores." *See* the Complaint, ECF No. 1, p. 7, ¶ 43. However, "[a party's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell A. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiff failed to provide any facts other than conclusory statement of infringement in the Complaint, thus, it must be disregarded. Such conclusory statements were also alleged in Count I of the Complaint, such as "Defendants have infringed the '469 Patent . . . and will continue to do so. . ." *See* the Complaint, ECF No. 1, p. 8, ¶ 48.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismisses Plaintiffs' Complaint with prejudice, pursuant to Fed. R. Civ. P. Rule 12.

Date: 06/19/2024                                   Respectfully submitted,

                                                   */s/ Jianyin Li*u
                                                   Jianyin Liu, Esq.
                                                   FBN: 1007675
                                                   The Law Offices of James Liu PLLC
                                                   9010 SW 25TH ST UNIT 1,
                                                   Miami, FL 33165
                                                   jamesliulaw@gmail.com;
                                                   jamesliu@jamesliulaw.com
                                                   Ph: (305) 209 6188

### CERTIFICATE OF SERVICE

I CERTIFY that on June 19, 2024 the foregoing was electronically filed on CM/ECF, which will serve it via electronic mail to all counsels of record.

                                                           /s/ Jianyin Liu